**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

---

SARAH MCCURRY and DWAN WILLS, )
on behalf of themselves and all other )
similarly situated employees, )
                                               )
     Plaintiffs, )    No: _____
                                               )    JURY DEMANDED
                                               )    FLSA COLLECTIVE ACTION
v. )
                                               )
BELLS NURSING HOME, INC. d/b/a )
BELLS NURSING AND REHABILITATION )
CENTER, CROCKETT COUNTY NURSING )
HOME, INC. d/b/a ALAMO NURSING AND )
REHABILITATION CENTER, and )
HARBER-LAMAN, LLC, )
     Defendants. )

---

## COLLECTIVE ACTION COMPLAINT

---

Plaintiffs, Sarah McCurry and Dwan Wills, on behalf of themselves and all other similarly situated employees, by and through counsel, file this Complaint against Defendants, Bells Nursing Home, Inc. d/b/a Bells Nursing and Rehabilitation Center, Crockett County Nursing Home, Inc. d/b/a Alamo Nursing and Rehabilitation Center, and Harber-Laman, LLC, and would respectfully state unto this Honorable Court the following, to wit:

### I. JURISDICTION AND VENUE

1.     This is a collective action brought by Plaintiffs on behalf of themselves and all other similarly situated and/or former employees of Defendants to recover for Defendants' willful violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. This court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue lies in the Western District of Tennessee, pursuant to 28 U.S.C. § 1391, because the Defendants do business in this district, and a substantial part of the alleged errors or omissions giving rise to this action occurred in this district.

## II. PARTIES

4. Plaintiff, Sarah McCurry, is an adult, resident citizen of Alamo, Crockett County, Tennessee. Plaintiff, Sarah McCurry, is a former employee of Defendants, Harber-Laman LLC and Crockett County Nursing Home, Inc. d/b/a Alamo Nursing and Rehabilitation Center. She was employed at Alamo Nursing and Rehabilitation Center, owned by Harber-Laman LLC from 2003 through August 2016. Plaintiff was a covered employee under the FLSA.

5. Plaintiff, Dwan Wills, is an adult, resident citizen of Bells, Crockett County, Tennessee. Plaintiff, Dwan Wills, is currently employed by Defendants, Harber-Laman LLC and Bells Nursing Home, Inc. d/b/a Bells Nursing Home and Rehabilitation Center, and was hired in or around 2013. Plaintiff is a covered employee under the FLSA.

6. Upon information and belief, Plaintiffs allege that Defendant, Bells Nursing Home, Inc. d/b/a Bells Nursing Home and Rehabilitation Center, is a corporation authorized to and doing business in Tennessee and may be served with process through their designated registered agent Craig B. Laman, 16 S. Bells St., Ste. 3, Alamo, TN 38001.

7. Upon information and belief, Plaintiffs allege that Defendant, Crockett County Nursing Home, Inc. d/b/a Alamo Nursing and Rehabilitation Center, is a corporation authorized to and doing business in Tennessee and may be served with process through their designated registered agent Craig B. Laman, 16 S. Bells St., Ste. 3, Alamo, TN 38001.

8. Upon information and belief, Plaintiffs allege that Defendant, Harber-Laman LLC, is a corporation authorized to and doing business in Tennessee and may be served with process through their designated registered agent Craig B. Laman, 16 S. Bells St., Ste. 3, Alamo, TN 38001. Upon further information and belief Defendant, Harber-Laman LLC, is a healthcare management company based in Alamo, Tennessee, and operates the following entities in Tennessee: Alamo Nursing and Rehabilitation Center, Alamo Family Medicine, Bells Assisted Care Living, Bells Retirement Village, Bells Nursing and Rehabilitation Center, Crockett Medical Clinic, The Drug Store, Dyer Nursing Home and Rehabilitation Center, and Humboldt Nursing and Rehabilitation Center.

9. Upon information and belief, Defendant, Harber-Laman LLC, owns and operates Defendant, Bells Nursing Home, Inc. d/b/a Bells Nursing Home and Rehabilitation Center, and Defendant, Crockett County Nursing Home, Inc. d/b/a Alamo Nursing and Rehabilitation Center.

10. In addition to the named Plaintiffs, Defendants employ and have employed within the last three years additional similarly situated employees.

11. Upon information and belief, at all times, the wage and hour and all related employee compensation policies of Defendants are and were centrally and collectively dictated, controlled, and ratified.

12. Defendants are covered "employers" under the FLSA.

### III. FACTS

13. Plaintiffs bring this action on behalf of themselves and other similarly situated employees as authorized under 29 U.S.C. § 216(b). Plaintiffs' consent to be a party to this collective action is attached hereto as Exhibit "A."

14. This is a collective action under the FLSA, 29 U.S.C. §201 *et seq*., brought by Plaintiffs and on behalf of all persons who, at any time during the past three years and up until the date of entry of judgment are or were employed by Defendants who were not paid the minimum wage and/or overtime compensation for all hours worked.

15. Plaintiff, Sarah McCurry, was hired by Defendants as a beautician, providing services to residents at Alamo Nursing and Rehabilitation Center, in or around 2003. Her employment continued with Defendants until August 2016.

16. As part of Plaintiff, Sarah McCurry's conditions of employment, her work schedule was controlled by Defendants' management, and the equipment and supplies she used in the beauty shop were provided by Defendants' management.

17. Upon beginning her employment, Defendants advised Plaintiff, Sarah McCurry, that Defendants would pay her a set amount biweekly for sixty-four (64) hours of work per biweekly pay period, comprised of 6.4 hours of work per day over each ten (10) day work period.

18. Plaintiff Sarah McCurry's pay records reflect that she earned $480.00 per biweekly period at a pay rate of $7.50 per hour for sixty-four (64) hours worked. However, during the course of Plaintiff, Sarah McCurry's employment, she was suffered or permitted to work at least seventy-five (75) hours biweekly, rather than the sixty-four (64) hours reflected on her pay records. Additionally, upon information and belief, Plaintiff, Sarah McCurry, worked in excess of eighty (80) hours biweekly on repeated occasions.

19. Plaintiff, Sarah McCurry, performed additional services for residents of the nursing home facility for non-covered hair services. Said services were at the discretion and request of the residents. In exchange for these services, she was not paid an hourly rate by

4

Defendants, but was instead compensated on a per-service basis directly from residents via their resident trust accounts.

20. Because she was only paid $480.00 for at least seventy-five (75) hours worked each biweekly pay period, Plaintiff, Sarah McCurry, was effectively compensated by Defendants at a rate of $6.40 per hour, which is less than the federal minimum wage of $7.25 per hour, in violation of 29 U.S.C. § 206(a).

21. As a term of her employment, Plaintiff, Sarah McCurry, was asked by Defendants' payroll department to sign a biweekly timesheet indicating that she had only worked sixty-four (64) hours per biweekly pay period although it was known by Defendants that Plaintiff worked in excess of sixty-four (64) hours. Plaintiff, Sarah McCurry, refused to do so as that proposed time sheet did not accurately reflect her work hours, as she regularly worked more than sixty-four (64) hours biweekly.

22. Plaintiff, Dwan Wills, was hired by Defendants as a beautician, providing services to residents at Bells Nursing Home, Inc. in or around 2013.

23. As part of Plaintiff, Dwan Wills' conditions of employment, her work schedule was controlled by Defendants' management, and the equipment and supplies she used in the beauty shop were provided by Defendants' management.

24. Upon beginning her employment, Defendants advised Plaintiff, Dwan Wills, that the company would pay her a set amount biweekly for sixty-four (64) hours of work per biweekly pay period, which translates to 6.4 hours per day over each ten (10) day period.

25. Plaintiff, Dwan Wills' pay records reflect that she earned $480.00 per biweekly period at a pay rate of $7.50 per hour. However, during the course of Plaintiff, Dwan Wills'

employment, she was suffered or permitted to work at least seventy-five (75) hours biweekly, rather than the sixty-four (64) hours reflected on her pay records.

26. As a term of her employment, Plaintiff, Dwan Wills, was asked by Defendants' payroll department to sign a biweekly timesheet indicating that she had only worked sixty-four (64) hours per biweekly pay period, although it was known by Defendants that Plaintiff worked in excess of sixty-four (64) hours.

27. Plaintiff, Dwan Wills, was specifically instructed by Defendants not to clock in and out at the beginning and ends of her work shifts.

28. Plaintiff, Dwan Wills, was regularly suffered or permitted to work at least seventy-five (75) hours per biweekly pay period. Additionally, upon information and belief, Plaintiff, Dwan Wills, worked in excess of eighty (80) hours biweekly on repeated occasions. However, Plaintiff, Dwan Wills, was only compensated for sixty-four (64) hours per biweekly pay period.

29. Plaintiff, Dwan Wills, performed additional services for residents of the nursing home facility for non-covered hair services. Said services were at the discretion and request of the residents. In exchange for these services, she was not paid an hourly rate by Defendants, but was instead compensated on a per-service basis directly from residents via their resident trust accounts.

30. Because she was only paid $480.00 for at least seventy-five (75) hours worked each biweekly pay period, Plaintiff, Dwan Wills, was effectively compensated at a rate of $6.40 per hour, which is less than the federal minimum wage of $7.25 per hour, in violation of 29 U.S.C. § 206(a).

31. Under 29 U.S.C. § 206(a), employers engaged in enterprises of commerce, including Defendants, are required to pay each employee no less than $7.25 per hour, as of July 24, 2009.

32. Pursuant to 29 U.S.C. § 207(a)(2), employers of enterprises engaged in commerce, including Defendants, are required to pay non-exempt, covered employees who work in excess of forty (40) hours per week a rate of one and one-half times their regular pay rates for all time worked in excess of forty (40) hours per week.

33. Nursing homes, such as Defendants, are subject to the rules and regulations contained in the FLSA pursuant to 29 U.S.C. § 203(r)(2)(A). Under 29 U.S.C. § 211(c), every subject employer is required to make, keep, and preserve records of each employee's wages, hours, and conditions and practices of employment.

34. The Department of Labor has clarified that beauticians do not fall under the professional exemption to minimum wage and overtime rules under the FLSA. See <u>69 Fed. Reg. at 22,150</u>.

35. Pursuant to 29 C.F.R. § 516.2(a)(7) and (8), every employer is required to maintain payroll records of each employee's total daily and weekly work hours, as well as "total daily or weekly earnings or wages due for hours worked during the workday or workweek."

36. Upon information and belief, Plaintiffs worked in excess of forty (40) hours per week on repeated occasions.

37. Under the Fair Labor Standards Act, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work. 29 C.F.R. § 778.107.

38. When Plaintiffs and other similarly situated employees worked more than forty (40) hours during a week, Defendants did not compensate these employees at a rate of "one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work. *See* 29 C.F.R. § 778.107.

39. The actual job duties of Plaintiffs and similarly situated employees were not those of "exempt" employees.

40. Defendants are unable to bear their burden of showing that Plaintiffs or other similarly situated employees fall within any of the FLSA overtime exemptions, including but not limited to those announced in 29 C.F.R. § 541.300, 541.301, 541.302, 541.303, or 541.304.

41. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for minimum wage, overtime compensation, liquidated damages, interest, attorneys fees, and costs under FLSA. In addition to Plaintiffs, numerous current and former employees of Defendants are similarly situated to Plaintiffs with regard to their wages and damages. Plaintiffs are representative of those other current and former employees and are acting on behalf of their interests as well as Plaintiffs' own interests in bringing this action. These similarly situated employees are known to Defendants and are readily identifiable, and may be located through Defendants' records. These similarly situated employees may be readily notified of this action and allowed to "opt-in" pursuant to 29 U.S.C. § 216(b), for purposes of collectively adjudicating their claims for unpaid minimum wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA and Tennessee law.

42. Defendants' intentional failure to pay Plaintiffs and other similarly situated employees the applicable minimum wages and overtime compensation are willful violations of

the FLSA within the meaning of 29 U.S.C. §255(a), as Defendants knew, or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

43. Because of Defendants' willful violation of the FLSA, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, pursuant to FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## IV. CAUSES OF ACTION

44. The allegations contained in paragraphs 1 through 43 of this Complaint are incorporated as if fully set forth herein.

45. Plaintiffs bring the following claims against Defendants on behalf of themselves and other similarly situated employees: Failure to pay minimum wages and overtime wages in violation of the Fair Labor Standards Act, as described above.

46. Plaintiffs hereby demand a jury to try this matter.

## V. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS pray for the following relief:

47. Authorization to issue notice pursuant to 29 U.S.C. § 216(b) at the earliest possible time to all similarly situated current and former non-exempt employees during the three (3) years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of their right to opt into this lawsuit.

48. A declaration that Defendants have violated the minimum wage and overtime wage provisions of the FLSA as to Plaintiffs and similarly situated persons who opt into this action.

49. A declaration that Defendants' violations of the FLSA were willful.

50. An award to Plaintiffs and others similarly situated who opt into this action of damages in the amount of unpaid minimum wage and overtime wage compensation to be proven at trial.

51. An award to Plaintiffs and others similarly situated who opt into this action of interest and liquidated damages in an amount equal to the minimum wage and overtime wage compensation shown to be owed to them pursuant to 29 U.S.C. § 216(b).

52. An award to Plaintiffs and others similarly situated who opt into this action of reasonable attorneys fees and costs, pursuant to 29 U.S.C. § 216(b);

53. Leave to amend to add other Defendants who meet the definition of Plaintiffs' "employer," pursuant to 29 U.S.C. § 203(d)

54. An order requiring Defendants to preserve all electronically stored information relevant to this lawsuit; and

55. An award of such other and further legal and equitable relief as may be appropriate.

Respectfully submitted,
/s/ Jason J. Yasinsky
JASON J. YASINSKY (#29514)
A. PARKER TROTZ (#32407)
Nahon, Saharovich & Trotz, PLC
488 S. Mendenhall
Memphis, Tennessee 38117
Telephone: 901-683-7000
Email: jyasinsky@nstlaw.com

*ATTORNEYS FOR PLAINTIFFS AND THOSE SIMILARLY SITUATED*