829-001-00

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | |
|---|---|
| **SARAH MCCURRY and DWAN WILLS** ) <br> on behalf of themselves and all other ) <br> similarly situated employees, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **BELLS NURSING HOME, INC. d/b/a** ) <br> **BELLS NURSING AND REHABILITATION** ) <br> **CENTER, CROCKETT COUNTY NURSING** ) <br> **HOME, INC. d/b/a ALAMO NURSING AND** ) <br> **REHABILITATION CENTER, and** ) <br> **HARBER-LAMAN, LLC,** ) <br> ) <br> Defendants. ) | No:  <u>1:17-cv-01010</u> <br> Jury Demanded <br> FLSA Collective Action |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS**

Defendants, Harber-Laman, LLC, Crockett County Nursing Home, Inc. d/b/a Alamo Nursing and Rehabilitation Center, and Bells Nursing Home, Inc. d/b/a Bells Nursing and Rehabilitation Center, and (hereinafter referred to as "Defendants") by and through undersigned counsel, respectfully submit the following Memorandum of Law in Support of their Motion to Dismiss.

**BACKGROUND**

On January 12, 2017, Plaintiffs, Sarah McCurry ("McCurry") and Dwan Wills ("Wills"), filed this action, pursuant to the Fair Labor Standards Act ("FLSA") against Defendants Crockett County Nursing Home, Inc. d/b/a Alamo Nursing and Rehabilitation Center and Bells Nursing Home, Inc. d/b/a Bells Nursing Home and Rehabilitation Center, both of which, "upon

information and belief," are operated by Defendant Harber-Laman, LLC. [*See* D.E. 1]. Wills alleges that she is currently an employee of Defendants, while McCurry admits that she is no longer employed by Defendants. *Id*. However, both individuals claim that "[u]pon information and belief, [they] worked in excess of forty (40) hours per week on repeated occasions" and were not properly compensated, as required by the FLSA. [D.E. 1, ¶ 36].

## MOTION TO DISMISS STANDARD

In order to survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible upon its face." *See Courie v. Alcoa*, 577 F.3d 625, 629-30 (6th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal punctuation omitted). Courts must view the complaint in a light most favorable to the Plaintiff and accept all factual allegations as true. *See Patterson v. Novartis Pharms. Corp.*, 451 Fed App'x 495, 497 (6th Cir. 2011) (holding the same standard applies to motions to dismiss for failure to state a claim and a motion for judgment on the pleadings). "Merely pleading facts that are consistent with a defendant's liability or that permit the court to infer misconduct is insufficient." *Id.* The Court "need not accept as true legal conclusion or unwarranted factual inferences." *Id*. (internal punctuation omitted). Finally, a plaintiff cannot merely list a party as a defendant and fail to identify what actions or omissions that party took to give rise to the plaintiff's claims. *See Nelson v. Putnam County Justice Ctr.*, 2013 U.S. Dist. LEXIS 54396, 2013 WL 1623686 at *10-11 (M.D. Tenn. 2013) (While applying the Fed. R. Civ. P. 12(b)(6) standard to a review of plaintiff's claims under 28 U.S.C. § 1915(a), the court dismissed plaintiff's civil rights claims against two individuals when the complaint did not identify what specific actions the individuals took against the plaintiff).

## LAW & ARGUMENT

    A.    **ANY CLAIMS BASED UPON ALLEGED VIOLATIONS OF THE FLSA PRIOR TO JANUARY 12, 2015 ARE TIME BARRED.**

"Under 29 U.S.C. § 255(a), a two-year statute of limitation applies to a cause of action brought under the FLSA for unpaid overtime compensation…." *Lopez-Gomez v. Jim's Place*, LLC, 2015 U.S. Dist. LEXIS 89557, *16 (W.D. Tenn. July 10, 2015). The three-year statute of limitation *only* applies where the plaintiff proves by a preponderance of the evidence that the employer's violation was willful. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133-35 (1988). In order for a violation to be deemed willful, the plaintiff must show "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute…." *Id.* at 133. This Court has reiterated, "An employer who merely acts unreasonably or negligently towards an employee in violation of the FLSA, however, does not act willfully." *Lopez-Gomez*, 2015 U.S. Dist. LEXIS 89557 at *16 (citing *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 842 (6th Cir. 2002)). Further, "[a] cause of action is deemed to accrue, as a general rule, at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed." *Boaz v. Fed. Express Corp.*, 107 F. Supp. 3d 861, 892 (W.D. Tenn. 2015).

In this matter, Plaintiffs, in a conclusory manner, allege that "Defendants' intentional failure to pay Plaintiffs and other similarly situated employees the applicable minimum wages and the FLSA within the meaning of 29 U.S.C. §255(a), as Defendants knew, or showed reckless disregard for the fact that its compensation practices were in violation of these laws." [D.E. 1, pp. 8-9, ¶ 42]. However, other than inserting the aforementioned boilerplate language within their Complaint, Plaintiffs fail to plead sufficient facts to establish that Defendants knew or showed reckless disregard with regard to the alleged FLSA violations. Therefore, because

Plaintiffs filed their Complaint on January 12, 2017, any alleged claims occurring prior to January 12, 2015 are barred by the applicable two (2) year statute of limitation and should be dismissed accordingly.

### B. PLAINTIFFS FAIL TO PLEAD SUFFICIENT FACTS TO INITIATE A COLLECTIVE ACTION UNDER THE FLSA.

"A plaintiff seeking to certify a collective action bears the burden of establishing that he and the proposed class he seeks to represent are similarly situated." *Ross v. Jack Rabbit Servs., LLC*, 2014 U.S. Dist. LEXIS 72950, *7-8 (W.D. Ky. May 29, 2014) (referencing *Jones-Turner v. Yellow Enter. Sys., LLC*, 2007 U.S. Dist. LEXIS 79414 (W.D. Ky. Oct. 25, 2007)). The Sixth Circuit has "implicitly upheld a two-step procedure for determining whether an FLSA case should proceed as a collective action." *Heibel v. U.S. Bank Nat'l Ass'n*, 2012 U.S. Dist. LEXIS 139510 (S.D. Ohio Sept. 27, 2012) (citing *In re HCR ManorCare, Inc.*, 2011 U.S. App. LEXIS 26241 (6th Cir. Sept. 28, 2011)); *see also Watson v. Advanced Distrib. Servs., LLC*, 298 F.R.D. 558 (M.D. Tenn. 2014)). During the first step, the plaintiff bears the burden of showing that the employees in the class are "similarly situated." *Comer*, 454 F.3d at 546. The Sixth Circuit has determined that "plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien v. Ed Donnelly Enters., Inc.,* 575 F.3d 567, 585 (6th Cir. 2009). Additionally, plaintiffs may also meet the similarly situated requirement if they can demonstrate that "their claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Id.*; *see also Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 865-66 (S.D. Ohio 2005) (At this stage, a plaintiff must establish a "colorable basis" for his allegation that others are similarly situated and should therefore be notified of the action). Notably, factors that guide the Court's

consideration of conditional certification at this stage include: (1) whether potential plaintiffs were identified; (2) whether affidavits of potential plaintiffs were submitted; and, (3) whether there is evidence of a "widespread" discriminatory plan affecting those plaintiffs, which was maintained by defendants. *See Castillo v. Morales, Inc*., 302 F.R.D. 480, 486 (S.D. Ohio 2014); *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 868 (S.D. Ohio 2011); *Mehmedi v. La Dolce Vita Bistro, LLC*, 2010 U.S. Dist. LEXIS 122098 (N.D. Ohio Nov. 17, 2010).

Here, Plaintiffs allege that they were employed by two separate employers, which "upon information and belief" are operated by Defendant Harber-Laman, LLC, and that they were underpaid based upon their individually specific biweekly work schedules. [*See* D.E. 1]. However, Plaintiffs offer no other facts whatsoever which would establish a "colorable basis" for this Court to allow them to prosecute this matter as a collective action. Specifically, they have failed to identify any other potential plaintiffs, have offered no other affidavits from potentially similarly situated employees, and have not alleged that any facts to support a claim of a "widespread discriminatory plan" affecting any other employees of their specific employers or of Defendant Harber-Laman, LLC. As such, this Court should refuse to entertain Plaintiffs' request to initiate a fishing expedition without sufficient facts, and thus, should deny Plaintiffs' request to pursue this matter as a collective action.

## **CONCLUSION**

Therefore, based upon the above and upon the record as a whole, Defendants respectfully request this Court to dismiss the above claims from Plaintiffs' Complaint.

Respectfully submitted,

PENTECOST, GLENN, MAULDIN & YORK, PLLC

By: s/Donald D. Glenn
Donald D. Glenn (#18000)
J. Austin Stokes (#31308)
106 Stonebridge Blvd
Jackson, TN  38305
(731) 668-5995
dglenn@pgandr.com
astokes@pgandr.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record by electronic mail via the Court's electronic filing system

Jason J. Yasinsky
A. Parker Trotz
Nahon, Saharovich & Trotz, PLC
488 S. Mendenhall
Memphis, TN 38117

DATE: This the 27th day of February, 2017.

PENTECOST, GLENN, MAULDIN & YORK, PLLC

By: s/Donald D. Glenn
Donald D. Glenn