IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

| | | |
|---|---|---|
| SARAH McCURRY and DWAN WILLS, on behalf of themselves and all other similarly situated employees, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 17-cv-01010-STA-egb |
| BELLS NURSING HOME, INC. d/b/a BELLS NURSING AND REHABILITATION CENTER; CROCKETT COUNTY NURSING HOME, INC. d/b/a ALAMO NURSING AND REHABILITATION CENTER; and HARBER-LAMAN, LLC, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

---

**ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL**

---

Before the Court is Defendants Bells Nursing Home, Inc. d/b/a Bells Nursing and Rehabilitation Center; Crockett County Nursing Home, Inc. d/b/a Alamo Nursing and Rehabilitation Center; and Harber-Laman, LLC's Partial Motion to Dismiss (ECF No. 18) filed on February 27, 2017. Plaintiffs Sarah McCurry and Dwan Wills have responded in opposition. For the reasons set forth below, Defendants' Motion is **DENIED**.

**BACKGROUND**

Plaintiffs filed a Complaint on January 12, 2017, alleging that Defendants had violated the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. According to the Complaint, McCurry was employed as beautician at the Alamo Nursing and Rehabilitation Center ("Alamo nursing home") from 2003 to 2016. Compl. ¶ 15. Wells was employed as a beautician at the

1

Bells Nursing and Rehabilitation Center ("Bells nursing home") in 2013. *Id.* ¶ 22. Both Plaintiffs make substantially similar allegations: each was supposed to work a set number of hours and receive a set amount of pay but would often work more hours (up to 80 hours) during the biweekly pay period. Despite the fact that Plaintiffs often worked hours in excess of their scheduled hours, Defendants' payroll department asked them to sign biweekly timesheets that did not accurately reflect the time Plaintiffs actually worked. As a result of these payroll practices, Plaintiffs allege that Defendants paid them less than the federal minimum wage.

In their Partial Motion to Dismiss, Defendants raise two arguments. First, Defendants contend that the Complaint fails to make plausible allegations about the willfulness of the alleged FLSA violations. The FLSA has a general two-year statute of limitations for a failure to pay overtime and a three-year statute of limitations for willful violations of the Act. Defendants argue Plaintiffs have failed to allege that Defendants knew or showed reckless disregard for the consequences of its practices. As such, the Court should hold that the Complaint fails to state a claim for a willful violation of the FLSA. Second, Defendants argue that Plaintiffs have not plausibly alleged the existence of a broader payroll practice to support their prayer for a collective action. The Complaint merely alleges that each named Plaintiff was employed as a beautician at separate nursing homes and was denied a minimum wage and overtime pay. Defendants contend that these conclusory allegations are insufficient to state a claim for a collective action. Therefore, the Court should dismiss Plaintiffs' demand to certify a collective action.

Plaintiffs have responded in opposition to Defendants' Motion. Plaintiffs maintain that the Complaint satisfies the Rule 8 notice pleading requirement as to the willfulness of Defendants' violations. Plaintiffs point out that the Complaint contains a specific allegation

about Defendants' willfulness. The Complaint also contains additional allegations that Defendants' payroll departments required Plaintiffs to sign a false timesheet, implying that Defendants knew their employees were working more than the number of hours documented on the timesheets. According to Plaintiffs, these allegations suffice to show that Defendants' improper payroll practices were willful. With respect to Defendants' argument against the collective action allegations, Plaintiffs respond that the issue is better addressed once Plaintiffs file their forthcoming motion for conditional certification of a collective action. Defendants have raised arguments that go to the merits of whether the Court should certify the collective action, and not the pleading standards for a collective action. Plaintiffs ask the Court to deny Defendants' Motion.

## **STANDARD OF REVIEW**

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the pleadings as true and construe all of the allegations in the light most favorable to the non-moving party. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992). However, legal conclusions or unwarranted factual inferences need not be accepted as true. *Morgan* v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987). "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." *Wittstock v. Mark a Van Sile*, *Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

P. 8(a)(2).  Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  *See also Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555).  In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## **ANALYSIS**

The Court holds that the Complaint has plausibly alleged Defendants' willfulness in violating the FLSA and the existence a single policy affecting all members of the putative class. The FLSA has a three-year statute of limitations for any "cause of action arising out of a willful violation." 29 U.S.C. § 255(a).  As the Sixth Circuit has explained, "[u]nder the FLSA, a lawsuit to recover unpaid compensation must 'be commenced within two years after the cause of action accrued,' unless the cause of action arose 'out of a willful violation,' in which case the lawsuit must 'be commenced within three years after the cause of action accrued.'" *Hughes v. Region VII Area Agency on Aging*, 542 F.3d 169, 187 (6th Cir. 2008) (quoting 29 U.S.C. § 255(a)).  The cause of action accrues, "as a general rule, 'at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed.'" *Id.* (quoting *Archer v. Sullivan Cnty.*, Nos. 95–5214, 95–5215, 1997 WL 720406, at *6 (6th Cir. Nov. 14, 1997)).  An FLSA violation is willful if "the employer

4

either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 842 (6th Cir. 2002).

At the motion-to-dismiss stage, the Plaintiffs must only state a plausible claim that the alleged violations were willful. Rule 9(b) allows a plaintiff to plead "[m]alice, intent, knowledge, and other conditions of a person's mind ... generally," Fed.R.Civ.P. 9(b), but the Rule "does not give a plaintiff license to 'plead the bare elements of his cause of action . . . and expect his complaint to survive a motion to dismiss.'" *Katoula v. Detroit Entm't, LLC*, 557 F. App'x 496, 498 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678–79) (analyzing FMLA claim of "willfulness" under *Twombly* and *Iqbal*). Applying this standard to a "willful" claim under the Family Medical Leave Act, the Sixth Circuit noted that "although conditions of a person's mind may be alleged generally, 'the plaintiff still must plead facts about the defendant's mental state, which, accepted as true,'" make the allegation plausible. *Id*. (quoting *Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012)).

The Court holds that Plaintiffs' Complaint satisfies the notice pleadings standard. While paragraph 42 of the Complaint contains a conclusory reference to the Defendants' "willful" conduct, Plaintiffs also allege the existence of a system by which the Defendants deliberately attempted to avoid paying them an appropriate minimum wage and/or overtime compensation by preparing incorrect timesheets and requiring Plaintiffs to sign them. These detailed allegations about the Defendants' ongoing practices allegedly intended to evade the FLSA "do more than make the conclusory assertion that a defendant acted willfully." *Katoula*, 557 F. App'x at 498. Of course, the burden remains with Plaintiffs to prove the willfulness of any violation, and the final determination on that issue may influence the timeliness of Plaintiffs' claims. At the pleadings stage, however, the Court holds that the Complaint presents facts, taken as true, that

make the allegation of willfulness plausible. Therefore, Defendants' Motion is **DENIED** as to this issue.

Likewise, the Court finds Defendants' argument for the dismissal of Plaintiffs' class allegations unpersuasive. The FLSA permits a court to "conditionally certify" a class of employees when an FLSA action is based on a defendant's unified and allegedly illegal policy and the pleadings allege that the defendant's policy has resulted in FLSA violations to all putative class members. *O'Brien v. Ed Donnelly Enterprs.*, 575 F.3d 567, 585-86 (6th Cir. 2009) (requiring, at a minimum, an allegation that each putative class member suffered from an FLSA violation). Conditional certification, however, is not to be confused with stating a claim for collective action. Defendants argue that Plaintiffs' Complaint has not pleaded all of the elements for conditional certification. This contention conflates the pleading standard with the entirely separate standard for conditional certification. The Court finds such an approach problematic and prefers to reach the issues raised in Defendants' Motion at the conditional certification stage. Therefore, Defendants' Motion is **DENIED** as to this issue.

  **IT IS SO ORDERED.**

             s/ S. Thomas Anderson
             S. THOMAS ANDERSON
             CHIEF UNITED STATES DISTRICT JUDGE

             Date: May 31, 2017.